# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ALICE GRANT and SAMUEL GRANT, JR., | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:08-CV-1547-RWS |
| v. | : : : | |
| COUNTRYWIDE HOME LOANS, INC. et al., | : : : | |
| Defendants. | : : | |

## ORDER

This case is before the Court on Frank Swindle's Motion to Dismiss [Dkt.

No. 4], Countrywide Home Loans, Inc.'s Motion to Dismiss [Dkt. No. 5], First

American Title Insurance Company, Inc.'s Motion to Dismiss [Dkt. No. 6],

Service Link, LP's Motion to Dismiss [Dkt. No. 9], Townes, Davis &

Associates, LLC's Motion to Dismiss [Dkt. No. 11], Brook F. Voelzke's

Motion to Dismiss [Dkt. No. 13], Beth T. Baer's Motion to Dismiss [Dkt. No.

15], Plaintiffs' Motion for Default Judgment Against Townes, Davis &

Associates [Dkt. No. 33], Plaintiffs' Motion to Disqualify Attorney [Dkt. No.

34], Plaintiffs' Motion for an Emergency Hearing [Dkt. No. 38], Plaintiffs'

Motion to Add Parties to the Case [Dkt. No. 47], Countrywide Home Loans, Inc.'s Motion to Dismiss Amended Complaint [Dkt. No. 54], Service Link LP's Motion to Dismiss [Dkt. No. 55], Frank Swindle's Motion to Dismiss the Amended Complaint [Dkt. No. 56], Beth T. Baer's Motion to Dismiss Amended Complaint [Dkt. No. 63], First American Title Insurance Company, Inc.'s Motion to Dismiss First Amended Complaint [Dkt. No. 64], Townes, Davis & Associates, LLC's Motion to Dismiss Amended Complaint [Dkt. No. 75], Plaintiffs' Motion for Summary Judgment [Dkt. No. 137], Plaintiffs' Motion for Reconsideration [143], Plaintiffs' Motion for Status on Preliminary Report and Discovery Plan [Dkt. No. 144], Plaintiffs' Motion for Reconsideration [Dkt. No. 145], Plaintiffs' Motion for Emergency Hearing [Dkt. No. 146], Plaintiffs' Motion for Sanctions [Dkt. No. 149], Plaintiffs' Motion for Recusal [Dkt. No. 151], Plaintiffs' Second Motion for Emergency Hearing [Dkt. No. 152], Plaintiffs' Amended Second Motion for Emergency Hearing [Dkt. No. 153], Plaintiffs' Motion to Amend Complaint [Dkt. No. 156], Plaintiffs' Emergency Motion for all the Plaintiffs' Responses, Amendments, and Scheduling Order to be Submitted to the Presiding Judge [Dkt. No. 163], and Plaintiff's Second

2

Motion to Amended Motion for Emergency Hearing [Dkt. No. 164]. After considering the entire record, the Court enters the following Order.

## I. Background[1]

On April 27, 2006, Plaintiff Alice Grant, through counsel, filed a lawsuit in DeKalb County Superior Court, naming several defendants. In the DeKalb lawsuit, Ms. Grant alleged that Countrywide Home Loans, Inc. (hereinafter "Countrywide"), the closing attorneys from the law firm of Townes Davis & Associates, and others re-financed her mortgage loan in January 2005, but that the loan closing was conducted without her knowledge or authorization. She further alleged that Countrywide, the closing attorneys, and Service Link forged Ms. Grant's signature on all of the documents that were executed in connection with the January 2005 loan closing.

Extensive litigation ensued, and on April 17, 2008, Judge Gregory A. Adams of the DeKalb County Superior Court denied Ms. Grant's motion for summary judgment and granted the defendants' motion for summary judgment. Judge Adams found that Ms. Grant could produce no evidence in support of her

---

[1] These facts are taken from the Plaintiffs' Complaint [1] and Amended Complaint [32]. The Court makes no findings as to the facts stated herein.

claims of fraud and forgery and ruled that Ms. Grant had ratified the

purportedly fraudulent loan and that she could not repudiate the signatures on

the closing documents.

Now, Ms. Grant, accompanied by her son Samuel Grant, have filed the

instant *pro se* action with the Court. Ms. Grant acknowledges that she owned

the real property and entered into the refinance transaction that was the subject

of the DeKalb lawsuit, and that she was the plaintiff therein. Mr. Grant's sole

alleged connection to the claims raised before the Court is that he resides at Ms.

Grant's property, "was Ms. Grant's primary investigator" in connection with

the DeKalb lawsuit, and that he and Ms. Grant "shared a Representative payee

account with Wachovia Bank." Pl.'s Compl, [Dkt. No. 1].

The Complaint contains allegations of misconduct by Defendants in

connection with the January 2005 loan or in connection with her mortgage

closing, with the DeKalb lawsuit, and with conduct violating Plaintiffs' civil

and constitutional rights.

Plaintiffs have filed an Amended Complaint, and Defendants have moved

to dismiss.

AO 72A
(Rev.8/82)

## II. Analysis

### A. Legal Standard for Motion to Dismiss

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true all facts set forth in the plaintiff's complaint. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); FED R. CIV. P. 12(b)(6). Further, courts must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); FED. R. CIV. P. 12(b)(6). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); FED. R. CIV. P. 8. See also Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (May 21, 2007) (citations omitted); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

The Supreme Court has introduced the plausibility standard for motions to dismiss. See Twombly, 127 S.Ct. at 1964-68. The non-movant's factual allegations must raise the right to relief above the speculative level. Id. at 1964.

5

The Supreme Court stressed that "[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [that is relevant]." Id. at 1965.

**B. Defendants' Motions to Dismiss [Dkt. Nos. 4, 5, 6, 9, 11, 13, 15, 54, 55, 63, 64, and 75]**

With the above standard as a basis, the Court turns to consider Frank Swindle's Motion to Dismiss [Dkt. No. 4], Countrywide Home Loans, Inc.'s (hereinafter "Countrywide") Motion to Dismiss [Dkt. No. 5], First American Title Insurance Company, Inc.'s (hiereinafter "First American") Motion to Dismiss [Dkt. No. 6], Service Link, LP's (hereinafter "Service Link") Motion to Dismiss [Dkt. No. 9], Townes, Davis & Associates, LLC s (hereinafter "Townes") Motion to Dismiss [Dkt. No. 11], Brook F. Voelzke's Motion to Dismiss [Dkt. No. 13], Beth T. Baer's Motion to Dismiss [Dkt. No. 15], Countrywide's Motion to Dismiss Amended Complaint [Dkt. No. 54], Service Link's Motion to Dismiss [Dkt. No. 55], Beth T. Baer's Motion to Dismiss Amended Complaint [Dkt. No. 63], First American's Motion to Dismiss First

AO 72A
(Rev.8/82)

Amended Complaint [Dkt. No. 64], Townes' Motion to Dismiss Amended

Complaint [Dkt. No. 75].

The defendants listed above (hereinafter "Moving Defendants") argue

that Plaintiffs' Complaint is an attempt to re-litigate claims that have been fully

resolved by the DeKalb County Superior Court. They contend that under the

Rooker-Feldman doctrine, the Court has no jurisdiction over the claims asserted

in the Complaint. Furthermore, they argue that the rule against claim-splitting

bars Ms. Grant from relitigating any claims against Defendants that were or

could have been litigated in the DeKalb lawsuit. They also believe that Samuel

Grant is not a real-party-in-interest and that he has no standing to sue

Defendants here. Finally, they argue that the civil rights claims fail because

Plaintiffs did not give proper notice and because none of the Moving

Defendants are state actors. For all of these reasons, Defendants move to

dismiss under Rules 12(b)(6) and 12(b)(1).

## 1. Rooker-Feldman Doctrine

First, Moving Defendants argue that the Rooker-Feldman doctrine bars

Plaintiffs' claims. The Supreme Court has explained that the Rooker-Feldman

doctrine applies in "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.s.280, 284 (2005). Moving Defendants argue that this case matches the Supreme Court's description, and the Court agrees.

"It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997). Arising in part from federalism principles and comity concerns, the Rooker-Feldman doctrine insulates not only state appellate decisions from review in a federal district court, it also respects the finality of the decisions rendered by state trial courts such as the DeKalb County Superior Court. Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996). The Eleventh Circuit has held that four criteria must be met for the doctrine to apply:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

8

<u>Amos v. Glynn County Bd. Of Tax Assessors</u>, 347 F.3d 1249, 1266 n.1 (11th

Cir. 2003) (citations omitted).  After a careful review of the record, the Court

concludes that each of these factors are met.  First, the Plaintiff here is the same

as the losing party in state court.  Judge Adams has fully disposed of the case on

the merits.  Also, Judge Adams has already fully adjudicated Ms. Grant's

substantive claims arising from the January 2005 re-finance transaction.

Plaintiffs' claims regarding misconduct in relation to the previous lawsuit

are likewise barred by Rooker-Feldman because they are inextricably

intertwined with Judge Adams' substantive rulings.  Plaintiffs allege that

Defendants engaged in procedural misconduct that led Judge Adams to reach

the wrong result.  But as this Court noted in a similar case, the

> "fact that [a] plaintiff alleges that the state court judgment
> was procured by fraud does not remove his claims from the
> ambit of Rooker-Feldman. . . . even if the orders by the state
> court were wrongfully procured, as plaintiff alleges, the
> orders remain in full force and effect until they are reversed
> or modified by an appropriate state court."

<u>Stanley v. Stready</u>, No. 1:05-cv-2057-WSD, 2006 U.S. Dist. LEXIS 48601 at

*8 (N.D. Ga. July 18, 2006) (quoting <u>Sharp v. Bivona</u>, 304 F. Supp. 2d 357,

363 (E.D.N.Y. 2004)).  Jurisdiction to review the rulings issued in the DeKalb

Lawsuit lies exclusively with the Georgia Court of Appeals, the Georgia Supreme Court, and ultimately the United States Supreme Court. Id. at *7. This Court has no jurisdiction to hear what is essentially an appeal by Plaintiff. For these reasons, the Court concludes that the Amended Complaint should be **DISMISSED**.

## 2. Claims Asserted by Samuel Grant

Next, the Court determines that Samuel Grant is not a real party in interest and has no standing in the case before the Court. Federal Rule of Civil Procedure 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." "The real party in interest is the person who, under the controlling substantive law, is entitled to enforce the right asserted." Stegman v. Horton Homes, Inc., 843 f. Supp. 707, 708 (M.D. Ga. 1994).

Mr. Samuel Grant does not own the property that was the subject of the DeKalb lawsuit; Alice Grant owns that property. Samuel Grant did not enter into the re-finance transaction that was the focus of the DeKalb lawsuit; Alice Grant did. Samuel Grant was not a party to the DeKalb lawsuit. He has not alleged facts that would demonstrate that he is entitled to enforce any of the purported legal rights discussed in the Complaint. His role as an "investigator"

10

for Ms. Grant and his alleged joint-ownership of a bank account with Ms. Grant

might make him a potential witness, but it does not make him a real party in

interest in this case.

Moreover, the Court has no jurisdiction over any claims that Samuel

Grant might attempt to assert in this suit.  Mr. Grant lacks standing to sue

because he is not a "proper party" to any claims alleged against Defendants.

Arnold v. Martin, 449 F.3d 1338, 1341 (11 th Cir. 2006).  The allegations of the

Complaint do not do not assert that any of the named Defendants invaded any

of Samuel Grant's legally protected interests, and there is no allegation of any

injury to Samuel Grant that could be traceable to Defendants' conduct.  All of

his claims against Defendants are due to be **DISMISSED**.

### 3. Claim for Civil Rights Violation

Finally, Moving Defendants argue that all of Plaintiffs' claims for

violation of their civil rights must also be dismissed for failure to state a claim.

They indicate that none of the Moving Defendants (with the exception Frank

Swindle) are state actors.

To succeed on their constitutional claims, Plaintiffs must show that

Moving Defendants were state actors and that their conduct was a state action

11

because "the Fifth and Fourteenth Amendments erect no shield against merely private conduct, however discriminatory or wrongful." <u>Sammons v. Nat'l Comm'n on Certification of Physician assistants, Inc.</u>, 104 F. Supp. 2d 1379, 1382 (N.D. Ga. 2000). The record shows that none of the Moving Defendants except Mr. Swindle are government entities or agencies, but rather are for-profit businesses and the individuals that run them. For this reason, all claims for violations of civil rights against these Defendants are due to be **DISMISSED**.

<u>C. Frank Swindle's Motion to Dismiss the Amended Complaint [Dkt. No. 56]</u>

Next the Court addresses Frank Swindle's Motion to Dismiss the Amended Complaint [Dkt. No. 56]. Plaintiff names Frank Swindle as a Defendant in this case, as he was the calendar clerk for Judge Adams when he was handling the DeKalb County litigation. The Court concludes that Mr. Swindle is protected by quasi-judicial immunity and that Plaintiffs' claims against him are barred.

It is well-established that, in a suit brought under 42 U.S.C. Sec. 1983 for money damages, a judge has absolute immunity. <u>Mireless v. Waco</u>, 502 U.S. 9 (1991); <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084 (11th Cir. 1996); <u>Stump v.</u>

12

Sparkman, 435 U.S. 349, 356-57 (1978).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Mireless, 502 U.S. at 11.

The Eleventh Circuit has extended judicial immunity to bar Section 1983 civil rights claims brought against court clerks holding, for example, that a court clerk was entitled to immunity where the plaintiff alleged conspiracy under 42 U.S.C. Sec. 1983 because the clerk had issued a criminal warrant to collect a debt from plaintiff based on a government official's request.  Scott v. Dixon, 720 F.2d 1542, 1546 (11th Cir. 1983).  The court determined that the clerk would be immune even if it was shown he had conspired with the official. Id.

Further, in Hyland v. Kolhage, 267 Fed. Appx. 836, 838 (11th Cir. 2008), a pro se prison inmate brought a Section 1983 action against a deputy clerk alleging the clerk had illegally altered minutes from the court's sentencing hearing which allegedly resulted in a condition of probation that was not ordered by the sentencing judge.  The Eleventh Circuit held the deputy clerk

13

had immunity for his alleged conduct that was undertaken pursuant to an order from the judge. Id. at 842-43. As in these cases, Plaintiffs' claims against Swindle are barred by quasi-judicial immunity.

The law is clear that whether a county employee may be held liable for any state law claims in his individual capacity depends upon whether the employee was performing a discretionary or ministerial function. Holloway v. Dougherty County School Sys., 157 Ga. App. 251, 253; 277 S.E.2d 251, 253 (1981). If the acts are ministerial, the official may be held liable in tort. Id. However, if the acts are discretionary, then there can be no liability unless the official acted with "willfulness, malice or corruption." Id.

Here, any claims asserted against Mr. Swindle in his individual capacity are barred by official immunity. Plaintiffs' Amended Complaint alleges claims of conspiracy and intentional infliction of emotional distress, among other things. Plaintiffs allege that Swindle improperly placed the underlying action on a peremptory calendar, that he tried to prevent them from appearing at the hearing, and that he refused to give Judge Adams documents related to their suit. None of these actions would be deemed "ministerial" in nature; rather they are clearly discretionary. Plaintiffs have failed to allege any facts making it

plausible that Mr. Swindle acted with malice or intent. As a result, their state law claims against Swindle in his individual capacity fail as a matter of law.

Furthermore, sovereign immunity bars Plaintiff's state law claims against Mr. Swindle in his official capacity. It is well settled for purposes of liability that a suit against a public official in his official capacity is considered to be a suit against the government entity. Owens v. Fulton County, 877 F.2d 947, 952 n.5 (11th Cir. 1989). As a political subdivision of the state, a county and the county's officials enjoy the same protections of sovereign immunity as the State. Toombs County, Georgia v. O'Neal, 254 Ga. 390; 330 S.E.2d 95 (1985); Gilbert v. Richardson, 264 Ga. 744, 747; 452 S.E.2d 476, 479 (1994). The Eleventh Circuit has recently confirmed this principle, stating that "[e]ven if [the] County had any liability under state law, it is protected by state sovereign immunity. As a political subdivision of Georgia, a county and its officers sued in their official capacities have the same sovereign immunity protection as the state." Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1197 n.36 (11th Cir. 1994).

Neither the County nor its officers acting in their official capacities may be held liable unless made so by statute. O.C.G.A. Sec. 36-1-4; Early County v.

15

Fincher, 184 Ga. App. 47, 48; 360 S.E.2d 602, 603 (1987).  Further, the mere

existence of a statute creating a duty does not impose liability.  Willliams v.

Georgia Power Co., 233 Ga. 517; 212 S.E.2d 348 (1975).  The intention to

waive sovereign immunity and impose liability must be clear from the face of

the statute.  Id. (citing Purser v. Dodge County, 188 Ga. 250, 252; 3 S.E.2d 574

(1939)).  Likewise, any state law claims against Mr. Swindle in his official

capacity would be barred by sovereign immunity in this case.  There is no

statute showing an intent to waive sovereign immunity under the circumstances

present here, and Plaintiffs have failed to identify any legislative act that has

waived immunity.

Furthermore, the Rooker-Feldman doctrine, as explained above, applies

equally to the claims against Swindle, barring the relitigation of claims against

him that have already been decided by the state court.

For all of these reasons, the Amended Complaint against him shall be

**DISMISSED**.

**D. Plaintiffs' Motions**

Plaintiff has filed a number of motions with the Court, some of which

require specific attention.  The Court shall address those individually.

16

1. Plaintiffs' Motion for Default Judgment Against Townes, Davis & Associates [Dkt. No. 33]

Plaintiff argues that Defendant Townes, Davis & Associates has failed "to file proper entry of appearance in this action" and that Plaintiffs are entitled to default judgment against Defendant based on Federal Rule of Civil Procedure 12(9)(1)(A). Plaintiffs find fault with the way in which Defendant's counsel filled out its contact information on the response to Plaintiff's Complaint. The Court concludes that counsel for Defendant has filed a proper response to Plaintiffs' Complaint and that entry of default judgment would be contrary to the law and the rules of the Court.

2. Motions for Reconsideration [Dkt Nos. 143, 145]

Plaintiff has submitted two Motions for Reconsideration [143, 145]. The Court's decisions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 287 (N.D. Ill. 1988), and motions for reconsideration should not be filed as a matter of routine practice. LR 7.2(E), NDGa. Rather, such motions "should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change

in the law, or the need to correct a clear error or prevent a manifest injustice."

Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp.

665, 674 (N.D. Ga. 1997 (citing Preserve Endangered Areas of Cobb's History

v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga.

1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)).

Given the narrow scope of motions for reconsideration, they may not be

used in a variety of circumstances.  A motion for reconsideration may not be

used to offer new legal theories or evidence that could have been presented in a

previously filed motion or response, unless a reason is given for failing to raise

the issue at an earlier stage in the litigation.  Escareno v. Noltina Crucible &

Refractory Corp., 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing O'Neal v.

Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)).  Similarly, a motion for

reconsideration may not be used "to present the court with arguments already

heard and dismissed or to repackage familiar arguments to test whether the

court will change its mind."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259

(N.D. Ga. 2003).  Finally, "[a] motion for reconsideration is not an opportunity

for the moving party . . . to instruct the court on how the court 'could have done

18

it better' the first time." <u>Preserve Endangered Areas of Cobb's History</u>, 916 F.

Supp. at 1560.

Upon a review of Plaintiffs' Motions, the Court concludes that they

merely restate arguments and evidence that they already presented to the Court

and which the Court duly ruled upon earlier in the case.  Thus, neither of

Plaintiffs' motions falls within the proper scope of a Motion for

Reconsideration, and both are **DENIED**.

### 3. Motion to Add Parties [47] and Second Motion to Amend Complaint [156]

Defendant moves to add new Defendants to this action, who they deem

are "necessary" to the transactions at issue. [Dkt. No. 47] at 1.  Plaintiffs seek to

add two individuals, Kwame Lateef Townes and Keishan Davis, both attorneys

in the Townes law firm and one corporate entity, Beloin, Brown, Blum, Baer

LLC, which is the law firm in which Defendant Baer is a member.

Plaintiffs also move to amend their Complaint again.  Pursuant to Federal

Rule of Civil Procedure 15(a), a party can amend a pleading once as a matter of

course before a responsive pleading is filed.[2] A motion to dismiss is not considered a responsive pleading. McLellan v. Mississippi Power & Light Co., 526 F.2d 870, 872 n.2 (5th Cir.1976).

Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive pleading has been filed, a party may amend her pleading only by leave of court or written consent of the adverse party. The rule also provides, "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a).

Even so, granting leave to amend is not automatic. Faser v. Sears Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979); see also Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993) ("[L]eave to amend is 'by no means automatic.'" (quoting Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. Unit A 1981)). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant,

---

[2] For this reason, Plaintiff's First Amended Complaint [Dkt. No. 32] was permitted as a matter of course. This did not require the Court's approval because no responsive pleading had yet been filed in the case.

20

follows undue delays or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only by leave of court or by written consent of the adverse party. See FED. R. CIV. P. 15(a). Although the rule instructs that "leave shall be freely given when justice so requires," a district court may deny leave to amend for a number of reasons, including undue delay, bad faith, or undue prejudice to the Defendant. See Hall v. United States Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004). The decision whether to grant leave to amend rests in the sound discretion of the district court. Hall, 367 F.3d at 1262.

The law of the Eleventh Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Id. at 1263; see also, Williams v. Board of Regents of University System of Georgia, 477 F.3d 1282, 1292, n.6 (11th Cir. 2007) (same). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." St. Charles Foods, Inc. v. America's

AO 72A
(Rev.8/82)

<u>Favorite Chicken Co.</u>, 198 F.3d 815, 822-23 (11th Cir. 1999).  The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied.  <u>See, e.g.</u>, <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); <u>Florida Power & Light Co. v. Allis Chalmers Corp.</u>, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss); <u>Amick v. BM & KM, Inc.</u>, 275 F.Supp.2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.").

Plaintiffs have failed to filed a Brief in Support of their Motion, as required by Local Rule 7.1(A)(1).  <u>Id.</u> ("Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority.").  Moreover, the parties Plaintiffs wish to add already have affiliates who are before the Court in this case, all of whom have had the claims against them dismissed.  This fact alone demonstrates that the addition of these parties

22

would be futile. For all of the reasons stated above in support of the dismissal of plaintiff's claims against Baer and against Townes, Davis & Associates, any claims asserted against the parties Plaintiffs seek to add would also be dismissed. Therefore, the Court **DENIES** Plaintiff's Motion to Add Parties [Dkt. No. 47].

Similarly, the Court concludes that Plaintiffs' newest Proposed Amended Complaint also suffers from the same deficiencies as the First Amended Complaint. The claims asserted in the Proposed Amended Complaint would fail under a motion to dismiss, and the Court concludes that the proposed amendment is futile. For this reason, the Court **DENIES** Plaitniff's Motion to Amend the Complaint [Dkt. No. 156].

4. Motion for Recusal [151]

In a final effort, Plaintiffs move the Court to recuse itself from the case. Plaintiffs insist that there is a conflict of interest due to the Court's alleged financial relationship with Wachovia Bank. Plaintiffs further argue that all of the Court's decisions thus far in the case have favored Defendants. However, Wachovia Bank is not even a party in this case.

AO 72A
(Rev.8/82)

According to 28 U.S.C.§ 455:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . .

28 U.S.C.§ 455. Plaintiffs fail to raise any legally cognizable argument in support of any personal bias or prejudice concerning any party in the case. For this reason, Plaintiffs' Motion is **DENIED**.

### 5. Other Motions

In light of the foregoing conclusion of the Court to dismiss Plaintiff's claims against all Defendants, Plaintiff's remaining outstanding motions are hereby **DENIED as moot**.

## III. Conclusion

In conclusion, Frank Swindle's Motion to Dismiss [Dkt. No. 4] is **GRANTED**, Countrywide Home Loans, Inc.'s Motion to Dismiss [Dkt. No. 5]

is **GRANTED**, First American Title Insurance Company, Inc.'s Motion to

Dismiss [Dkt. No. 6] is **GRANTED**, Service Link, LP's Motion to Dismiss

[Dkt. No. 9] is **GRANTED**, Townes, Davis & Associates, LLC's Motion to

Dismiss [Dkt. No. 11] is **GRANTED**, Brook F. Voelzke's Motion to Dismiss

[Dkt. No. 13] is **GRANTED**, Beth T. Baer's Motion to Dismiss [Dkt. No. 15] is

**GRANTED**, Countrywide Home Loans, Inc.'s Motion to Dismiss Amended

Complaint [Dkt. No. 54] is **GRANTED**, Service Link LP's Motion to Dismiss

[Dkt. No. 55] is **GRANTED**, Frank Swindle's Motion to Dismiss the Amended

Complaint [Dkt. No. 56] is **GRANTED**, Beth T. Baer's Motion to Dismiss

Amended Complaint [Dkt. No. 63] is **GRANTED**, First American Title

Insurance Company, Inc.'s Motion to Dismiss First Amended Complaint [Dkt.

No. 64] is **GRANTED**, and Townes, Davis & Associates, LLC's Motion to

Dismiss Amended Complaint [Dkt. No. 75] is **GRANTED**.

Plaintiffs' Motion for Default Judgment Against Townes, Davis &

Associates [Dkt. No. 33] is **DENIED**, Plaintiffs' Motion to Disqualify Attorney

[Dkt. No. 34] is **DENIED as moot**, Plaintiffs' Motion for an Emergency

Hearing [Dkt. No. 38] is **DENIED as moot**, Plaintiffs' Motion to Add Parties to

the Case [Dkt. No. 47] is **DENIED**, Plaintiffs' Motion for Summary Judgment

25

[Dkt. No. 137] is **DENIED as moot**, Plaintiffs' Motion for Reconsideration

[143] is **DENIED**, Plaintiffs' Motion for Status on Preliminary Report and

Discovery Plan [Dkt. No. 144] is **DENIED as moot**, Plaintiffs' Motion for

Reconsideration [Dkt. No. 145] is **DENIED**, Plaintiffs' Motion for Emergency

Hearing [Dkt. No. 146] is **DENIED as moot**, Plaintiffs' Motion for Sanctions

[Dkt. No. 149] is **DENIED as moot**, Plaintiffs' Second Motion for Emergency

Hearing [Dkt. No. 152] is **DENIED** as moot, Plaintiffs' Amended Second

Motion for Emergency Hearing [Dkt. No. 153] is **DENIED** as moot, Plaintiffs'

Motion for Recusal [Dkt. No. 151] is **DENIED**, and Plaintiffs' Motion to

Amend Complaint [Dkt. No. 156] is **DENIED**.  Plaintiffs' Emergency Motion

for all the Plaintiffs' Responses, Amendments, and Scheduling Order to be

Submitted to the Presiding Judge [Dkt. No. 163] is **DENIED as moot**, and

Plaintiff's Second Motion to Amended Motion for Emergency Hearing [Dkt.

No. 164] is **DENIED as moot**.

The Clerk shall enter **JUDGMENT** in favor of Defendants and against

Plaintiffs as to all claims.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  20th  day of May, 2009.


RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)